# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

v.                CASE NO. 19-20079-01/03-04/06-07 JAR

DAVID CARR,
BRANDON WEST,
RANDI SERNA,
MICHAEL HUGGINS, and
JAMES MICHAEL POTERBIN,

        Defendants.

---

# SECOND SUPERSEDING INDICTMENT

---

### THE GRAND JURY CHARGES:

## COUNT ONE

### CONSPIRACY TO DISTRIBUTE AND POSSESS
### WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. § 846]

Beginning on or about March 1, 2019, and continuing to on or about April 19, 2019, both

dates being approximate and inclusive, in the District of Kansas and elsewhere, the defendants,

1

**DAVID CARR,**
**BRANDON WEST,**
**MICHAEL HUGGINS, and**
**JAMES MICHAEL POTERBIN,**

knowingly and intentionally combined, conspired, and agreed together and with other persons

known and unknown to the grand jury, to commit the following offenses against the United

States: possession with intent to distribute 50 grams or more of a mixture and substance

containing methamphetamine and distribution of 50 grams or more of a mixture and substance

containing methamphetamine, a controlled substance, which included the reasonably foreseeable

conduct of other members of the conspiracy, in violation of Title 21, United States Code,

Sections 841(a)(1) and 841(b)(1)(B)(viii).

In violation of Title 21, United States Code, Section 846, and Title 18, United States

Code, Section 2.

## COUNT TWO

**KIDNAPPING**
**[18 U.S.C. § 1201]**

Beginning on or about April 18, 2019, and continuing to on or about April 20, 2019, both

dates being approximate and inclusive, in the District of Kansas, the defendants,

**DAVID CARR,**
**BRANDON WEST,**
**RANDI SERNA,**
**MICHAEL HUGGINS, and**
**JAMES MICHAEL POTERBIN,**

unlawfully and willfully seized, confined, kidnapped, and held D.B., whose identity is known to

the Grand Jury, for ransom, reward, and other reasons, and in committing and in the furtherance

of the commission of the offense, used a means, facility, and instrumentality of interstate

2

commerce, to wit: a telephone.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT THREE

### RANSOM MONEY RECEIPT, POSSESSION, AND DISPOSAL
### [18 U.S.C. § 1202]

On or about April 20, 2019, in the District of Kansas, the defendants,

**BRANDON WEST, and
MICHAEL HUGGINS,**

unlawfully received, possessed, and disposed of money and property, or any portion thereof, which was at any time delivered as ransom and reward in connection with a violation of Title 18, United States Code, Section 1201, knowing the same to be money which had been delivered as such ransom and reward.

In violation of Title 18, United States Code, Sections 1202 and 2.

## COUNT FOUR

### HOSTAGE TAKING
### [18 U.S.C. § 1203]

Beginning on or about April 18, 2019, and continuing to on or about April 20, 2019, both dates being approximate and inclusive, in the District of Kansas, the defendants,

**DAVID CARR,
BRANDON WEST,
RANDI SERNA, and
JAMES MICHAEL POTERBIN,**

did intentionally seize and detain and threaten to kill, injure, and continue to detain D.B., whose identity is known to the Grand Jury, in order to compel M.V., a person whose identity is known to the Grand Jury, to deliver methamphetamine to the defendants or return money provided to obtain

3

methamphetamine to the defendants, as an explicit and implicit condition for the release of the hostage, D.B.

In violation of Title 18, United States Code, Sections 1203 and 2.

## COUNT FIVE

### USE OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)]

On or about April 18, 2019, in the District of Kansas, the defendant,

**BRANDON WEST,**

knowingly used, carried, brandished, and discharged firearms, to wit: a handgun and a shotgun, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in Count 1 herein; and possessed, brandished, and discharged firearms, to wit: a handgun and a shotgun, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in Count 1 herein.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 2.

## COUNT SIX

### USE OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)]

On or about April 18, 2019, in the District of Kansas, the defendant,

### DAVID CARR,

knowingly used, carried, brandished, and discharged a firearm, to wit: a handgun, during and in

relation to a drug trafficking crime for which he may be prosecuted in a court of the United

States, that is, conspiracy to distribute and possession with intent to distribute methamphetamine,

in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in Count 1

herein; and possessed, brandished, and discharged a firearm, to wit: a handgun, in furtherance of

a drug trafficking crime for which he may be prosecuted in a court of the United States, that is,

conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of

Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in Count 1 herein.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii),

and 2.

## COUNT SEVEN

### USE OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING
### [18 U.S.C. § 924(c)]

On or about April 18, 2019, in the District of Kansas, the defendant,

### JAMES MICHAEL POTERBIN,

knowingly used, carried, brandished, and discharged a firearm, to wit: a handgun, during and in

relation to a drug trafficking crime for which he may be prosecuted in a court of the United

States, that is, conspiracy to distribute and possess with intent to distribute methamphetamine, in

violation of Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in Count 1

herein; and possessed, brandished, and discharged a firearm, to wit: a handgun, in furtherance of

a drug trafficking crime for which he may be prosecuted in a court of the United States, that is,

conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of

Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in Count 1 herein.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii),

and 2.

A TRUE BILL.

DATED: April 7, 2021                              _s/ Foreperson_
                                          FOREPERSON OF THE GRAND JURY


DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: _Sheri Catania_
SHERI CATANIA
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: Sheri.catania@usdoj.gov
Ks. S. Ct. No. 17097

---

IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

---

## <u>PENALTIES</u>

### Count 1:  Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(i); 18 U.S.C. § 2

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### Count 2:  Kidnapping, 18 U.S.C. §§ 1201(a) and 2

- Punishable by a term of imprisonment of not more than life.  18 U.S.C. § 1201(a).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

## Count 3:  Ransom Money Receipt, Possession, and Disposal 18 U.S.C. §§ 1202 and 2

- Punishable by a term of imprisonment of not more than ten (10) years.  18 U.S.C. § 1202.

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

## Count 4:  Hostage Taking, 18 U.S.C. §§ 1203 and 2

- Punishable by a term of imprisonment of not more than life.  18 U.S.C. § 1203.

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

## Counts 5-7:  Use and Carrying Firearm in Furtherance of a Drug Trafficking Crime and Possession of Firearm During and in Relation to a Drug Trafficking Crime, 18 U.S.C. §§ 924(c) and 2

- Punishable by a term of imprisonment of not less than five (5) years and not more than life.  18 U.S.C. § 924(c)(1)(A)(i).  If the firearm was brandished, the instant offense is punishable by a term of imprisonment of not less than seven (7) years and not more than life. 18 U.S.C. § 924(c)(1)(A)(ii).  If the firearm was discharged, the instant offense is punishable by a term of imprisonment of not less than ten (10) years and not more than life. 18 U.S.C. § 924(c)(1)(A)(iii).  If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life.  18 U.S.C. § 924(c)(1)(C)(i). This term of

imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).