## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

JAMES POTERBIN,

      Defendant.

Case No. 19-20079-JAR-7

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant James Poterbin's Motion for Copies (Doc. 515). Defendant was charged with and found guilty by a jury of the following offenses: conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; kidnapping in violation of 18 U.S.C. § 1201(a) and 18 U.S.C. § 2; and using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2. The Court sentenced Defendant on July 6, 2023, and Judgment was entered the next day. Defendant filed a direct appeal; the Tenth Circuit affirmed his conviction and sentence and dismissed his ineffective-assistance-of-counsel claims. The Tenth Circuit's mandate issued on January 22, 2026.

The instant motion asks for "the court docket, including but not limited to when my discovery was produced, and when the Government certified that it was turned over to my attorney."[1] He states that he requires this information in order to complete his "2255 motion."[2] For the reasons stated below, Defendant's motion is granted to the limited extent he requests a

---

[1] Doc. 515.

[2] *Id.*

copy of the docket sheet in this matter at no cost.  The motion is denied to the extent he seeks any other case documents at no cost.

Under 28 U.S.C. § 2250:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

This provision does not apply before an application for a writ of habeas corpus is filed.[3] Likewise, under 28 U.S.C. § 753(f), the Government shall pay transcript fees in a § 2255 proceeding "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."

Defendant's motion for copies of the record at no cost fails because he has no pending § 2255 motion.  Defendant has not requested documents with any specificity, nor indicated with particularity how the records or transcripts would help in furtherance of the nonfrivolous claims in his § 2255 motion.  If Defendant requests, however, he can obtain copies of the record and transcript at his own expense.  The Court directs the Clerk of the Court to send the docket sheet and this Order to Defendant, along with a statement of copy costs.  Defendant may request any unsealed document filed in this matter and is directed to send any such request, along with the requisite fee, to the Clerk of the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant James Poterbin's Motion for Copies (Doc. 515) is **granted in part and denied in part**.  The Court directs the

---

[3] *See United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1 (10th Cir. 1994); *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) (per curiam).

Clerk of the Court to send to Defendant the docket sheet, this Order, and a statement of copy costs. Defendant may request any unsealed document filed in this matter and is directed to send any such request, along with the requisite fee, to the Clerk of the Court. Defendant's motion for documents and transcripts at no cost is otherwise denied.

**IT IS SO ORDERED.**

Dated: April 22, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
