**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JAMES MICHAEL POTERBIN,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Respondent.** | **Case No. 2:19-cr-20079-JAR-7**<br>**Case No. 2:26-cv-02671-JAR** |

## MEMORANDUM AND ORDER

On October 26, 2026, Petitioner James Michael Poterbin filed his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, alleging his trial counsel was ineffective.[1] Before the Court is the Government's Motion to Compel Counsel to Provide Affidavit (Doc. 525), asking the Court to direct Petitioner's trial counsel, Robert Calbi, to provide an affidavit addressing a list of questions it claims is warranted by Petitioner's motion. Neither Petitioner nor Mr. Calbi responded to the Government's motion and the time to do so has expired.[2] For the reasons explained below, the Court grants in part and denies in part the Government's motion.

Petitioner raises the following two grounds for relief in his § 2255 motion: (1) ineffective assistance of counsel for failure to provide him with discovery before trial; and (2) ineffective assistance of counsel for failure to properly advise him of the evidence against him, the elements of the charged offenses, the Government's aiding-and-abetting theory, and the kidnapping evidence. As to the second ground, Petitioner argues that he could not understand the case against him, nor could he properly assess the risks of pleading guilty versus proceeding to trial,

---

[1] Doc. 521.

[2] *See* D. Kan. Rule CR1.2 (providing a 14-day deadline for responding to motions in criminal cases); D. Kan. Rule 6.1(d)(4) (providing a 14-day deadline for responding to non-dispositive motions in civil cases).

because he was not provided with discovery. In his memorandum in support of the motion, Petitioner represents that Mr. Calbi (1) told him that the Government cannot meet the elements of its case; (2) told him "he couldn't allow me to take the stand in my own defense even though I wanted to"; and (3) asked him "to sign a waiver to not use David Carr's negative impacting evidence, in exchange for not using negative impacting evidence against Government witnesses and codefendants, but didn't exclude the negative impacting evidence against me."[3]

The Tenth Circuit has made clear that "when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."[4] Thus, the Court finds that Petitioner has waived the attorney-client privilege with respect to communications that may prove or disprove the claims in his § 2255 motion.

Under Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court "may direct the parties to expand the record by submitting additional materials relating to the motion," including affidavits.[5] But when the Court imposes a waiver and directs an attorney to provide an affidavit in a habeas case such as this, it must carefully tailor the directive to the ineffective-assistance claims raised.[6]

In this case, the Government proposes a list of twelve multi-part questions for Mr. Calbi to address in his affidavit. The Court declines to direct Mr. Calbi to address these questions, some of which go beyond the scope of claims asserted in Petitioner's motion. Instead, the Court directs Mr. Calbi to execute an affidavit that addresses Petitioner's claims in the § 2255 motion:

---

[3] Doc. 522 at 12.

[4] *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009).

[5] Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 7(a)–(b). The Government does not indicate whether it asked Mr. Calbi to produce an affidavit before filing this motion.

[6] *Pinson*, 584 F.3d at 979.

(1) that he did not provide Petitioner with discovery before trial; (2) that he did not advise Petitioner of the evidence against him, the elements of the charged offenses, the Government's aiding-and-abetting theory, and the kidnapping evidence; (3) that he told Petitioner that the Government cannot meet the elements of its case; (4) that he coerced Petitioner not to testify at trial on his own behalf; and (5) that he asked Petitioner to sign a waiver regarding whether to challenge certain evidence as set forth in Petitioner's memorandum in support.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Compel Counsel to Provide Affidavit (Doc. 525) is **granted in part and denied in part**. Mr. Calbi shall submit an affidavit addressing the issues identified in this Order by no later than **December 11, 2026**. The affidavit shall be filed in this case under seal and access shall be restricted to the parties and the Court.

**IT IS SO ORDERED.**

Dated: November 19, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE